**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DAVID F., et al.,
    Plaintiffs,

    v.

CIGNA LIFE AND HEALTH
INSURANCE COMPANY, et al.,
    Defendants.

No. 3:25-cv-02188 (SRU)

## ORDER AUTHORIZING LIMITED DISCOVERY ON PARITY ACT CLAIM

The plaintiffs assert claims under both the Employee Retirement Income Security Act of 1974 ("ERISA") and the Mental Health Parity and Addiction Equity Act ("Parity Act"). Although the parties agree that discovery on the plaintiffs' ERISA claim will be limited to the administrative record, they disagree on whether limited discovery should be permitted on plaintiffs' Parity Act claim.

"While discovery is generally not necessary for ERISA claims, the nature of Parity Act claims is that they generally require further discovery to evaluate whether there is a disparity between the availability of treatments for mental health and substance abuse disorders and treatment for medical/surgical conditions." *Randall R. v. Regence Blue Cross Shield of Utah*, 2020 WL 109512, at *2 (D. Utah Jan. 9, 2020) (cleaned up). That is especially true because "information about how insurance companies process treatment limitations will often be in the hands of insurers alone." *T.E. v. Anthem Blue Cross and Blue Shield*, 2023 WL 2634059, at *6 (W.D. Ky. Mar. 24, 2023) (citations omitted). If claimants were barred from accessing that information via discovery, they would very likely face "a serious obstacle" in bringing "meritorious Parity Act claims." *M.R. v. United Healthcare Ins. Co.*, 2024 WL 863704, at *3 (S.D.N.Y. Feb. 29, 2024) (citation omitted).

Accordingly, district courts across the country have permitted limited discovery in Parity Act cases.  *See, e.g.*, *Vorpahl v. Harvard Pilgrim Health Ins. Co.*, 2018 WL 3518511, at *3 (D. Mass. July 20, 2018); *A.Z. by & through E.Z. v. Regence Blueshield*, 333 F. Supp. 3d 1069, 1082 (W.D. Wash. 2018); *Smith v. United Healthcare Ins. Co.*, 2019 WL 3238918, at *6 (N.D. Cal. July 18, 2019); *Julie L. v. Excellus Health Plan, Inc.*, 447 F. Supp. 3d 38, 56 (W.D.N.Y. 2020); *Smith v. Golden Rule Ins. Co.*, 526 F. Supp. 3d 374, 390 (S.D. Ind. 2021).

I will therefore permit limited discovery on plaintiffs' Parity Act claim. In submitting discovery requests to the defendants, the plaintiffs must remember not to "attempt to obtain indirectly what they cannot obtain directly" with regard to their ERISA claim.  *Randall R.*, 2020 WL 109512, at *2 (citation omitted).

The parties' Rule 26(f) Report, including the plaintiffs' proposed discovery schedule and procedures, is approved and adopted.  Discovery on plaintiffs' Parity Act claim shall be due by 12/31/2026, and dispositive motions shall be due by 2/12/2027.

**SO ORDERED** at Bridgeport, Connecticut this 24th day of June 2026.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

2